**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN DEPASQUALE et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MARK L. BUTCHER et al., <br><br> Defendants. | 2:15-cv-01129-RCJ-GWF <br><br> **ORDER** |

This case arises out of a vehicle collision in Iowa. Defendants have asked the Court to transfer the case to the Southern District of Iowa for improper venue. For the reasons given herein, the Court grants the motion.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiffs Steven DePasquale and Jayne Dima are Nevada residents who on August 17, 2013 were the driver and passenger, respectively, of a 2001 Freightliner vehicle involved in a collision with a 2013 Freightliner vehicle owned by Defendant Tyson Foods, Inc. ("Tyson") and driven by Defendant Mark Butcher or another of Tyson's employees. (Compl. ¶¶ 1–2, 14–20, ECF No. 1-1). Plaintiffs sued Defendants in state court in Nevada for negligence and failure to

hire, train, and supervise.  Defendants removed and have asked the Court to transfer the case to the Southern District of Iowa for improper venue.

## II. LEGAL STANDARDS

A defendant may move to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Where venue is lacking, a court must dismiss or transfer. *Id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  This is the case whether or not there is personal jurisdiction over a defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  Even where venue is proper, a Defendant may request a transfer of venue "[f]or the convenience of parties and witnesses." *Id.* § 1404(a).[1]

## III. ANALYSIS

As Tyson notes, no Defendant resides in Nevada.  According to Tyson, it is a Delaware corporation with its principal place of business in Arkansas, and Butcher is a resident of Oklahoma.  Plaintiffs do not otherwise allege in the Complaint and do not otherwise argue now.

---

[1] The difference between § 1404(a) and § 1406(a) transfers matters because it affects the choice of law analysis as to state law claims. *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966–67 (9th Cir. 1993).

Section 1391(b)(1) therefore does not support venue in Nevada. Plaintiffs argue that Tyson does significant business in Nevada, but short of a claim that Nevada is Tyson's principle place of business—a claim Plaintiffs do not make—that fact is relevant only to personal jurisdiction.[2] Next, because no part of the acts or omissions giving rise to the claims occurred in Nevada (Plaintiffs do not otherwise allege in the Complaint and do not otherwise argue now), § 1391(b)(2) does not support venue in Nevada. Finally, Tyson argues that § 1391(b)(3) does not apply, because it is clear that there is venue in Iowa, the state where all of the events giving rise to the claims occurred, under § 1391(b)(2). The Court agrees.

Plaintiffs' argument in opposition is based entirely on § 1404(a), which governs transfers for convenience's sake. Plaintiffs argue at length under the factors relevant to § 1404(a) that venue would not be more convenient in Iowa than in Nevada, but they have made no attempt to counter Tyson's argument that venue is altogether unsupported in Nevada under § 1391(b) and that the case must therefore be transferred under § 1406(a).

///

///

///

///

---

[2] Incidentally, although Defendants have not moved on this basis, there is no general jurisdiction over Tyson or Butcher in Nevada because Nevada is not either's "home," and there can be no specific jurisdiction over any Defendant in Nevada in this case, as the alleged acts and injuries occurred in another jurisdiction as a result of negligence. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)). Indeed, there would be no specific jurisdiction here even if the acts were alleged to have been intentional and Defendants had known when committing the acts that Plaintiffs were Nevada residents. *See Walden v. Fiore*, 134 S. Ct. 1115, 1124 (2014).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Transfer (ECF No. 5) is GRANTED, and the case is TRANSFERRED to the U.S. District Court for the Southern District of Iowa under 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Dated this 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge